**In re Dennis R. KRONER, Debtor.**

**David R. HERZOG, Trustee, Plaintiff,**

v.

**Cheryl F. KRONER, Defendant.**

**Bankruptcy No. 88 B 11297.
Adv. No. 90 A 0004.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

May 14, 1990.

Steven Shamash of Layfer, Cohen & Handelsman, Ltd., Chicago, Ill., for plaintiff.

David B. Love of Winston & Strawn, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Chief Judge.

This matter comes before the court on the motion of the defendant, Cheryl F. Kroner, to dismiss the adversary complaint filed by David R. Herzog, the appointed trustee in this case. For the reasons set forth herein, the court, after considering all of the pleadings, memoranda and exhibits, hereby grants the motion to dismiss.

## I. FACTS AND BACKGROUND

On July 26, 1988, Dennis R. Kroner ("Debtor") filed for protection under Chapter 7 of the Bankruptcy Code. (11 U.S.C. § 101 *et seq.* All reference sections are to the Bankruptcy Code unless otherwise noted.) David R. Herzog ("Trustee") was appointed to serve as the trustee in the case.

On November 14, 1988, the Trustee commenced an adversary proceeding entitled "Adversary Proceeding Objecting to the Discharge of the Debtor and for Turnover and Sale of Property Free and Clear of all Liens" and referred to as 88 A 878 ("Prior Proceeding"). Among the named defendants was Cheryl F. Kroner ("Defendant"), who happens to be the Debtor's wife. The Prior Proceeding was a two-count complaint that requested that the court deny the Debtor a discharge because the Debtor failed to list property commonly known as 3023 Indianwood Road, Wilmette, Illinois, ("Wilmette property") as property of the estate. Furthermore, the Trustee requested that the court order the turnover of the Wilmette property on the basis that the Trustee had an equitable lien in that property and the Trustee desired to sell the property free and clear of all liens and encumbrances.

The defendants in the Prior Proceeding answered the complaint and denied liability. On March 9, 1990, subsequent to the filing of the Debtor's motion to dismiss the Prior Proceeding, the court entered an Agreed Order dismissing the Prior Proceeding with prejudice.

On January 3, 1990, the Trustee filed the present adversary proceeding ("Present Proceeding") which names only one defendant, Cheryl F. Kroner. In another two-count complaint, the Trustee prays for a judgment in the amount of payments made by the Debtor on certain notes (the amount is not specified in the complaint) based on the fact that the Debtor's estate is entitled to reimbursement from the Defendant because the Debtor was merely an accommodation party and the Defendant was the principal maker and the party accommodated.

On February 12, 1990, the Defendant filed an amended motion to dismiss the Present Proceeding. The Defendant argues that this action is barred by res judicata due to the fact that the court entered the Agreed Order on March 9, 1990 dismissing the Prior Proceeding.

## II. DISCUSSION

The Defendant argues that the Trustee's Present Proceeding is barred by the doctrine of res judicata. The following three requirements must be met for the doctrine of res judicata to apply: (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981); *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 595 n. 9 (7th Cir.1986); *Barnett v. Stern*, 93 B.R. 962, 973 (Bankr.N.D.Ill.1988).

The Trustee concedes that the court rendered a final order between the identical parties when it dismissed the Prior Proceeding. ("Plaintiff's Memorandum Opposing Defendant's Motion to Dismiss", p. 3, n. 2, hereinafter "Plaintiff's Memo":) The issue in dispute is whether the Prior Proceeding and the Present Proceeding are based on the same cause of action.

The Defendant argues that the factual allegations in the Prior Proceeding and the Present proceeding are essentially identical. (*See* Defendant's Reply Memorandum in Support of Motion to Dismiss, p. 2, here-

inafter "Reply"). The identical allegations are as follows:

> (1) Mrs. Kroner is the sole beneficiary of a land trust which holds title to certain improved real property located in Wilmette, Illinois where Mr. and Mrs. Kroner live (*compare* Complaint in Prior Proceeding, ¶ 9 with Complaint in Instant Proceeding [Present Proceeding], Counts I and II, ¶¶ 6 and 7),
>
> (2) in September 1985 and June 1988, the First National Bank of Chicago and the First Illinois Bank of Wilmette loaned Mr. and Mrs. Kroner the sums of $250,000 and $55,000, respectively, which loans were secured by that property (*compare* Complaint in Prior Proceeding, ¶¶ 12, 14, 17, and 18 with Complaint in Instant Proceeding, Count I, ¶ 8, Count II, ¶¶ 8–10). and
>
> (3) all or substantially all repayments of those loans were made by Mr. Kroner and not by Mrs. Kroner (*compare* Complaint in Prior Proceeding, ¶¶ 15 and 16 with Complaint in Instant Proceeding, Count I, ¶ 10, Count II, ¶ 13).

(Reply, p. 2–3). The Defendant argues that (1) the allegations that the Debtor had an interest in the Wilmette property which then entitled the Trustee to an equitable lien in that property and an order against the defendants in the Prior Proceeding (which includes the present Defendant) requiring the turnover of the property and (2) the present allegations that the Debtor was an accommodation party on the loans which now entitles the Trustee to recover from the Defendant the amounts repaid on the loans are merely legal conclusions which arise from the factual allegations stated above. *Id.* The Defendant alleges that these different legal theories are not different causes of action for res judicata purposes.

The Trustee argues that the factual allegations in the two complaints "operate differently in each complaint and thus the complaints are not premised on common operative facts." (Plaintiff's Memo, p. 4). The Trustee alleges that the allegations common to both complaints function differently in each complaint and the two claims are premised on different underlying causes.

It is well established that the Seventh Circuit refuses to allow a plaintiff to bring a second suit seeking a different remedy or form of relief than sought in a prior suit arising out of the same factual circumstances. *Matter of Energy Co-Op*, 814 F.2d 1226, 1230 (7th Cir.1987) ("all claims arising from that transaction must be brought in one suit or [be] lost" citation omitted); *Diaz v. Indian Head*, 686 F.2d 558, 562 (7th Cir.1982) ("the issue, therefore, is whether the claim now raised arises out of the 'same basic factual situation' ... and could properly have been raised in the earlier suit" citations omitted); *Gasbarra v. Park–Ohio Industries, Inc*, 655 F.2d 119, 121 (7th Cir.1981) (test of res judicata is "whether the claims 'arise out of the same basic factual situation' ... and 'whether the entire amount to be due plaintiff arises out of one and the same act or contract ...'" citations omitted). The Seventh Circuit prohibits the practice of "claim splitting."

The Seventh Circuit endorses the approach of section 24 of the *Restatement (Second) of Judgments* (1982): "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or lost." *Matter of Energy*, 814 F.2d at 1230, quoting *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir.1986).

In the case at hand, it is quite clear to this court that res judicata precludes the litigation of the Present Proceeding. The Prior Proceeding and the Present Proceeding involve the same loan agreements, the same loan payments, the same property, the same transactions, the same facts, the same parties and the same points in time. In the Present Proceeding, the Trustee attempts to raise another claim that should have been raised at the time of the Prior Proceeding. The policy behind res judicata is to protect defendants and the courts from a multiplicity of suits arising from the same set of facts. Litigation must end. The court cannot and will not allow the Present Proceeding to continue.

## CONCLUSION

For the foregoing reasons, the court grants the Defendant's motion to dismiss the Trustee's complaint.