**In the Matter of Dennis R. KRONER, Debtor.**

**Appeal of David R. HERZOG, Trustee.**

**No. 90–2920.**

United States Court of Appeals, Seventh Circuit.

Argued May 8, 1991.

Decided Jan. 8, 1992.

Steven Shamash, argued, David R. Herzog, Layfer, Cohen & Handelsman, Chicago, Ill., for David R. and Dennis R. Herzog.

David B. Love, Winston & Strawn, Chicago, Ill., for Cheryl F. Kroner.

Before WOOD, Jr., COFFEY, and KANNE, Circuit Judges.

COFFEY, Circuit Judge.

David R. Herzog, the trustee in the Kroner bankruptcy proceedings, appeals the district court's affirmance of the bankruptcy court's ruling that his claim against Cheryl F. Kroner for restitution of payments the debtor made on her house was barred by the dismissal with prejudice of a prior adversary proceeding against her. We affirm.

## I.  FACTS

The debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 26, 1988.  On November 14, 1988, the trustee filed a core, adversary proceeding alleging pursuant to 11 U.S.C. § 727(a)(3) that the debtor was not entitled to a discharge because he owned an undisclosed interest in the residential property in which he lived, even though legal title to the property was in a trust, and his wife, Cheryl Kroner, was the sole beneficiary of that trust.  The complaint further alleged that the trustee was entitled to an equitable lien on the property, as the debtor made all payments due on loans secured by his wife's beneficial interest in the real estate.  The bankruptcy court, during a hearing on January 17, 1989, stated that it found the complaint deficient,[1] but granted the trustee time to amend the complaint.  Herzog failed to file an amended complaint, and on May 9, 1989, the bankruptcy court entered an order agreed to by all parties dismissing the complaint with prejudice.

Some ten months later on January 3, 1990, Herzog filed a second adversary complaint in the bankruptcy court against Kroner (on different grounds than the one dismissed with prejudice), alleging that the estate was entitled to restitution for payments the debtor made on Mrs. Kroner's residential property.  The latter complaint alleged that Mrs. Kroner was the principal maker of a $250,000 note that the debtor co-signed as "an accommodation party, as

that term is defined in the Illinois Uniform Commercial Code, Ch. 26 Ill.Rev.Stat. § 3–415(1)...."  Although the complaint acknowledged that it was a non-core proceeding, it stated "[t]his Court has subject matter jurisdiction over this cause as a non-core proceeding related to a case under Title 11, as defined in 28 U.S.C. § 157(c)(1).  Plaintiff consents to entry of final orders or judgment by this Court."  The bankruptcy court granted Cheryl F. Kroner's motion to dismiss the trustee's complaint on May 14, 1990, on the basis of *res judicata:*

> "In the case at hand, it is quite clear to this court that res judicata precludes the litigation of the Present Proceeding. The Prior Proceeding and the Present Proceeding involved the same loan agreements, the same loan payments, the same property, the same transactions, the same facts, the same parties and the same points in time.  In the Present Proceeding, the Trustee attempts to raise another claim that should have been raised at the time of the Prior Proceeding.  The policy behind res judicata is to protect defendants and the courts from a multiplicity of suits arising from the same set of facts.  Litigation must end.  The court cannot and will not allow the Present Proceeding to continue."

118 B.R. 86, 88 (N.D.Ill.1990).  Relying upon our opinion in *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir.1986), the district court affirmed on July 31, 1990.  Seven days later the district court issued a supplement to its Memorandum Opinion and Order *sua sponte,* discussing *Barnett v. Stern,* 909 F.2d 973 (7th Cir.1990), which was decided two days after the July 31, 1990 Memorandum and Order.  The district judge noted that *Barnett* held "that previously unasserted claims could be barred by res judicata only if these claims would have been *core proceedings* in the bankruptcy court."  Mem. Op. at 3, 1990 WL 119399 (N.D.Ill. Aug. 7, 1990) (emphasis original).  The court stated that the trustee waived the argument that

---

1. The record fails to reveal why the bankruptcy court found the complaint deficient, but since

the dismissal of the initial complaint is not an issue on this appeal, we need not discuss it.

claim preclusion was inapplicable to non-core proceedings by failing to raise it in the bankruptcy court, and in any event, the *Barnett* holding was inapplicable because of Herzog's consent to the bankruptcy court's resolution of the second complaint. Herzog moved for a rehearing on the basis that *Barnett* determined that *res judicata* was an improper ground for a bankruptcy court to rely upon for dismissing a non-core claim. The district court denied the motion for rehearing on August 15, 1990, on the grounds stated in the *sua sponte* supplement, that Herzog failed to raise the argument in the bankruptcy court and the trustee's submission to the bankruptcy court's jurisdiction made *Barnett* inapplicable. The trustee appeals the denial of his motion for rehearing.

## II. ISSUES

This case presents two issues for review: 1) Whether the failure to raise an argument before the bankruptcy court waives it on *de novo* review in the district court; 2) Whether granting consent to the bankruptcy court to enter final judgment in a non-core proceeding subjects the claim to the *res judicata* effect of a prior proceeding.

## III. DISCUSSION

■ Herzog failed to argue that a judgment in a core proceeding is without *res judicata* effect on a subsequent, non-core proceeding in the bankruptcy court and again in the district court. The trustee did not raise this argument until his motion for reconsideration pursuant to Bankruptcy Rule 8015, which he filed after the district judge issued his *sua sponte* supplement to his Memorandum Opinion and Order. On appeal, Herzog initially contends that the district court erred in declining to reconsider his appeal from the bankruptcy court on the basis of waiver. He asserts that refusing to consider the argument that the non-core proceeding may not be precluded on the basis of a core judgment fails to give a true *de novo* review of the bankruptcy court's decision. We are of the opinion that this argument is without merit, for if that were the law, waiver would be inapplicable anytime the standard of review is *de novo*. As the appellee pointed out, the trustee's contention confuses the concepts of waiver and *de novo* review. The waiver doctrine merely determines which arguments are properly preserved for consideration on appeal while the *de novo* standard of review refers to the appellate court's fresh look at the way the trial court applied the law to the facts of the case. The law is clear, an issue not preserved for appeal is simply not reviewable regardless of the standard of review.

■ The trustee further asserts that the district judge was mistaken in his view of waiver, as "a District Court may 'consider any issue presented by the record even if the issue was not presented to the bankruptcy court.'" (Quoting *In re: Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1379 (9th Cir. 1985)). That is not the law of the Seventh Circuit. We have repeatedly held that arguments not presented to the trial court are waived and cannot be raised for the first time on appeal. "If invocable at all, '[o]nly in most exceptional circumstances will we allow a civil appellant to make a nonjurisdictional argument for the first time on appeal.'" *In the Matter of Muller,* 851 F.2d 916, 918 (7th Cir.1988) (citation omitted). *See also In the Matter of Excello Press, Inc.,* 890 F.2d 896, 900 n. 2 (7th Cir.1989); *In the Matter of Powelson,* 878 F.2d 976, 984 n. 13 (7th Cir.1989). The trustee argues that this case presents exceptional circumstances requiring consideration of his argument that the judgment in the core proceeding could not preclude the claim in the non-core proceeding because the law changed during the course of the litigation. The basis for this argument is that neither *Barnett v. Stern* nor *Howell Hydrocarbons, Inc. v. Adams,* 897 F.2d 183 (5th Cir.1990), had been decided prior to the time when the trustee submitted his brief to the bankruptcy court opposing Kroner's motion to dismiss. Initially, we note that neither *Howell Hydrocarbons* nor *Barnett* created new law but rather clarified existing law. Neither case purported to overturn prior precedent. Both cases relied upon the well-established principle that *res judicata* applies when the

precluded claims "could and should have been brought in the earlier litigation." *Howell Hydrocarbons,* 897 F.2d at 188; *Barnett,* 909 F.2d at 978 n. 7 (quoting *D-1 Enters., Inc. v. Commercial State Bank,* 864 F.2d 36, 38 (5th Cir.1989)). Additionally, the lack of decisive authority fails to justify neglecting to raise an argument:

> "This fact goes to the weight of the appellant's authorities, not as an excuse for not raising the issue below. Appellant was not restricted from arguing this point at trial, only in supporting [his] argument. It is a well-established rule in [the Eighth] circuit that defenses not raised or litigated in the trial court cannot be urged for the first time on appeal."

*Morrow v. Greyhound Lines, Inc.,* 541 F.2d 713, 724 (8th Cir.1976) (quoting *Gardner v. Meyers,* 491 F.2d 1184, 1190 (8th Cir.1974)). We agree. Thus, the trustee has failed to demonstrate that exceptional circumstances exist sufficient to overcome our normal policy of holding that issues not raised before the trial judge are waived on appeal. *See Muller,* 851 F.2d at 918.

■ We think the trustee's double waiver of the *Barnett* argument (in the bankruptcy court as well as in the district court, where he failed to raise it until after entry of judgment) is dispositive, but we will address the decision briefly. In *Barnett,* we held that non-core proceedings brought in the district court could not be precluded by the bankruptcy court's prior judgment in a core proceeding: "[P]reviously unasserted claims [are] barred by res judicata only if these claims would have been *core proceedings* in the bankruptcy court." *Barnett,* 909 F.2d at 979 (emphasis original) (citation omitted). Herzog argues that in light of *Barnett,* the prior dismissal with prejudice of his core proceeding is ineffective to preclude the current claim, for his second claim is not a core proceeding and his consent to the bankruptcy court's jurisdiction over the non-core proceeding fails to distinguish this case from *Barnett.* In making his argument, the trustee overlooks the basic rationale of *res judicata* — that there must be an end to litigation, and that end naturally follows the conclusion of

a full and fair opportunity to litigate the claim and all aspects thereof. As the Supreme Court has stated: "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). In *Federated Department Stores,* the Court further noted that " 'public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.' " *Id.,* 452 U.S. at 401, 101 S.Ct. at 2429 (quoting *Baldwin v. Traveling Men's Assn.,* 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931)). Since bankruptcy courts are without jurisdiction to enter final judgments in non-core proceedings, absent the consent of the parties, a bankruptcy court's judgment in a core proceeding naturally has no effect on a party who brings a subsequent non-core action in the district court because he has not consented to the bankruptcy court's jurisdiction over the claim. Thus, the bankruptcy court's disposition of a core matter fails to provide a full and fair opportunity to litigate a non-core claim that is not subject to the bankruptcy court's jurisdiction. But when the trustee of the bankruptcy estate consents to the bankruptcy court's entry of final judgment in a subsequent claim regarding the same nucleus of facts ruled upon in a core proceeding, it is more than evident that he could have raised the claim in the earlier proceeding. The doctrine of *res judicata* bars him from litigating the new claim. *See id.,* 452 U.S. at 398, 101 S.Ct. at 2428. Thus, our holding in *Barnett* that the bankruptcy court's ruling in core matters are without *res judicata* effect on subsequent non-core proceedings in the district court fails to support Herzog's argument that the district judge abused his discretion in denying the motion for rehearing.

## IV. CONCLUSION

The trustee, by not raising in the bankruptcy court or the district court prior to

judgment the argument that the core proceeding in the bankruptcy court was ineffective to bar his subsequent non-core claim has waived it twice. Furthermore, we hold that our ruling in *Barnett* that bankruptcy court judgments dealing with core proceedings are incapable of barring subsequent non-core proceedings in the district court is inapplicable to non-core proceedings in the bankruptcy court when the parties have consented to the bankruptcy court's jurisdiction. The judgment of the district court denying Herzog's motion for reconsideration is

AFFIRMED.