### In re Garry WINER, Debtor.

### No. 92 C 7037.

United States District Court, N.D. Illinois, E.D.

Sept. 9, 1993.

---

Thomas C. Wolford, Neal, Gerber & Eisenberg, Chicago, IL, for appellant EF & G, Ltd.

Catherine L. Steege, Jenner & Block, Chicago, IL, for debtor Garry Winer.

Leonard M. Groupe, trustee.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Creditor/appellant EF & G, Ltd. appeals the decision of the bankruptcy court, Judge Coar presiding, granting the Application for Leave to Compromise and Settle Controversy filed by the Trustee for the Chapter 7 estate of debtor Garry Winer. For the reasons stated herein, the decision of the bankruptcy court is affirmed.

## FACTUAL BACKGROUND

The central question addressed by the bankruptcy court in this case was a comparative valuation of offers to the trustee in connection with the estate's interest in computer software that is the subject of copyright litigation in California.

Debtor Garry Winer entered bankruptcy, first under Chapter 13 and then under Chapter 7, in October 1990. Prior to his declaring bankruptcy, Winer was President and major-

ity shareholder of an Illinois corporation called the Challenger Corporation ("Challenger"). Challenger was dissolved in July 1990 by the Illinois Secretary of State. Its affairs, however, were never officially wound-up and its assets were never distributed to shareholders.

In April 1991, Winer, acting as President of Challenger, executed an agreement by which Challenger licensed the rights to a computer software program known as the Zeus/Smaub program ("the Zeus program") to Zeus, Inc. Although this agreement was entered into during the pendency of Winer's bankruptcy, it was not disclosed to the trustee or the bankruptcy court.

Asserting the rights granted under the license agreement, Zeus brought a copyright infringement suit against Quark, Inc. in the Northern District of California. An issue in the copyright infringement suit is the validity of the license agreement, which was questioned on the basis that the transfer took place after Challenger had been dissolved. In an effort to resolve this potential problem, Zeus offered the trustee a share in its potential recovery in the copyright suit in exchange for a release by the estate of any claims against the validity of the license agreement.[1]

Quark, the defendant in the Zeus' copyright suit, sought to intervene in the situation by creating appellant EF & G as an affiliated corporation and commissioning it to become a creditor of the Winer estate. EF & G acquired the rights of a group of Challenger's creditors, which gave it a claim to 25% to 40% of Challenger stock. In this capacity, appellant objected to the proposed settlement between the Trustee and Zeus. The basis of the objection was that the Trustee should reject Zeus' offer and accept EF & G's alternate offer, by which appellant offered to buy the Trustee's interest in Challenger, including any possible liability to Zeus for a breach of the license agreement, for the amount of all creditors' claims against the estate, not to exceed $1.3 million. The value of EF & G's offer, determined by the amount of creditor's claims, was estimated at $800,000 to $850,000. EF & G intended to use its rights as Challenger's sole shareholder to terminate the license agreement and, it hopes, the copyright litigation between Zeus, Inc. and Quark.

The trustee determined that Zeus' offer of a share in the recovery of the infringement suit would bring more value to the estate than appellant's offer, and applied to the court for approval of the agreement with Zeus. Overruling appellant's objections, Judge Coar granted the application.

## DISCUSSION

■■■ The standard used by bankruptcy courts to determine whether to approve a proposed settlement is whether the settlement is "in the estate's best interests." *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir.1987). The decision of the bankruptcy court to grant the trustee's application is reviewed only for abuse of discretion. *Id.* at 162. Judges abuse their discretion when they base a decision on an erroneous conclusion of law or where the record contains no evidence on which the decision could rationally have been based. *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 563–64 (7th Cir.1984). Under the abuse of discretion standard, the relevant inquiry is not how the reviewing court would have ruled if it had been considering the case in the first place but rather whether any reasonable person could agree with the lower court. *Id.*

## I. VALUATION OF THE OFFERS

■■■ The appellant does not contest the bankruptcy court's decision to treat the controlling issue as one of valuation between the two competing offers from Zeus and EF & G. Consequently, the decision to deal with the issue in this way will not be disturbed, and the court will review the record only to de-

---

1. The compromise agreement between Zeus and the Trustee provided that the Trustee would receive two-thirds of any recovery in the infringement suit, exclusive of attorney fees, until total payments to the Trustee would equal $600,-000. After that, the trustee would receive one third of any recovery. The recovery fund is also subject to a claim by WordStar, a creditor of Challenger in connection with the Zeus software. (See Settlement Agreement; attached as part of Exhibit A to Appellant's Reply Brief.)

termine if Judge Coar abused his discretion when he found that Zeus' offer of a share in the recovery of the infringement suit would bring more to the estate than appellant's offer to pay the claims of the creditors in full.

Appellant argues that Judge Coar incorrectly estimated the value of the estate's share in the recovery in the copyright infringement suit. It should be noted that EF & G does not object to Judge Coar's finding that the lawsuit has value because it is likely to be successful. As a result, appellant's main contention below—that the copyright infringement lawsuit is not meritorious and therefore that Zeus' offer lacks value—is not before the court on appeal.

Instead of contesting Judge Coar's conclusion that the lawsuit had enough potential merit to possess value, appellant argues that the Judge's calculations as to the amount of that value were erroneous. In support of this argument, EF & G asserts: 1) that the bankruptcy judge used an incorrect formula to calculate the value of the lawsuit under the agreement; 2) that the bankruptcy judge failed to consider the complications deriving from the fact that the Zeus program was owned by Challenger, not the estate, and therefore erroneously failed to weigh the extent to which the value of Zeus' offer to the estate would be reduced by the need to provide for two levels of tax liability and to compensate Challenger's creditors and shareholders.

Appellants arguments as the valuation of Zeus' offer do not sustain the contention that the bankruptcy court abused its discretion in finding that the value of the Zeus' offer exceeded that of EF & G's. Any miscalculation committed by the bankruptcy court in estimating the value of the offer was immaterial. Even under appellant's method of calculating the probable value of the Zeus offer, the gross value of the Zeus offer is $1,214,-000. (See Appellant's Brief at p. 17.) This figure still exceeds the $800–850,000 value of the appellant's offer. Consequently, the bankruptcy's judge's determination is supported even under the formula asserted by appellant.

Appellant seeks to reduce the value of the Zeus offer to an amount below that of EF & G's by citing tax considerations and the necessity of compensating Challenger's creditors before payment to the estate is made. According to EF & G, the bankruptcy court abused its discretion and committed clear error by valuing the Zeus offer without taking these factors into account.

■ The court rejects appellant's argument. As an initial matter, the subjects now advanced as reasons for overturning the bankruptcy judge's decision were not properly presented or supported below. Arguments based on them were therefore waived. See Matter of Kroner, 953 F.2d 317, 319 (7th Cir.1992) (arguments not raised in bankruptcy court are waived on appeal).

In its objection to the trustee's application and its memorandum in support thereof, appellant argued primarily that the Zeus copyright infringement suit was not meritorious and would therefore not result in the acquisition of value for the estate. No argument or evidence were presented on the topic of how any recovery, once gained, would be reduced by possible tax payments or payments to Challenger's creditors. There are consequently no grounds for finding that Judge Coar abused his discretion in not considering these matters.

Moreover, appellant's arguments are unpersuasive. EF & G's tax based arguments do not take into account Challenger's or the estate's capacity to shield income with the liabilities that, apparently, are significant. Additionally, appellant's calculations do not factor in the extent to which payment to Challenger's creditors would also constitute satisfaction of the estate's creditors. EF & G's arguments are therefore speculative, and do not provide a basis upon which this court, applying a deferential standard of review, could overturn the bankruptcy court's ruling.

## II. TERMS OF THE BANKRUPTCY COURT'S ORDER

Appellant objects to the terms of the Order entered by the bankruptcy court approving the agreement between Zeus and the trustee, on the basis that the Order improperly incorporated by reference terms of the agreement that, according to EF & G, pur-

ported to 1) bind parties (namely Challenger) that could not appropriately be bound and 2) resolve disputes, as to the ownership of Challenger, that could not appropriately be resolved by Zeus and the trustee alone.

This court views the Order entered by the bankruptcy court in the context of the statements made by Judge Coar when entering the Order. Judge Coar's statements were to the effect that the Order determined only the rights of its signatories, the trustee and Zeus. (See Transcript of Proceedings of September 8, 1992 at pp. 3–4.) The Order itself explicitly states that the terms of the agreement are "incorporated by reference and made binding *on the parties thereto.*" (Emphasis added.) (See Order, Exhibit A to Appellant's Reply Brief at pp. 2–3.) In this regard, the Order does not limit the rights of third parties with proper standing to challenge the authority of the trustee to bind Challenger or to stipulate to certain conclusions of fact or law. When the actions of the bankruptcy court are considered in this light, as not impacting on the rights of EF & G or any other interested third party, appellant's objections and concerns are revealed as insubstantial and do not support reversal of the bankruptcy court's Order.

### III. *LACK OF NOTICE*

The appellant argues that the Order approving the settlement agreement was entered with insufficient notice. The record indicates, however, that counsel for appellant was given notice of the proposed entry of the Order. (See Service List attached as Exhibit A to Appellant's Reply Brief.) Since appellant can therefore not establish any prejudice resulting from a failure of notice, its objections provide no grounds for reversing the bankruptcy judge's Order.

### IV. *FAILURE TO HOLD AN AUCTION*

Citing dicta in *Matter of Central Ice Cream Co.,* 836 F.2d 1068, 1072–73 (7th Cir. 1987), the appellant argues that the bankruptcy court abused its discretion by not conducting an auction of the estate's interest in Challenger. Nothing, however, in *Central Ice Cream,* requires bankruptcy courts to hold auctions in every case where a claim in

litigation is an asset of the estate. There is therefore no basis upon which to conclude that the bankruptcy judge abused its discretion in reaching his determination of the value of the claim through an evidentiary hearing, as opposed to an auction.

### CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is AFFIRMED. This case is dismissed in its entirety.