In the Matter of Susan
BAUER, Debtor.

Susan Bauer, Debtor–Appellant,

v.

William A. Chatterton, Chapter
13 Trustee–Appellee,

and

Village of DeForest, Creditor–Appellee.

No. 02–C–126–C.

United States District Court,
W.D. Wisconsin.

May 10, 2002.

Susan Bauer, pro se.

William A. Chatterton, Madison, WI, J. David Krekeler, Krekeler Law Office, S.C., Madison, WI, for defendants.

## OPINION AND ORDER

CRABB, Chief Judge.

This is a bankruptcy appeal brought pursuant to 28 U.S.C. § 158(a). Debtor Susan Bauer contends that the United States Bankruptcy Court for the Western District of Wisconsin violated her rights to due process when it denied confirmation of her proposed Chapter 13 plan and dismissed her Chapter 13 petition even though she was not present at the confirmation hearing. Because debtor had notice of the confirmation hearing and did not notify the court until the morning of the hearing that she would be unable to attend and because a debtor's appearance at a confirmation hearing is not required under the Bankruptcy Rules in any event, the judgment of the bankruptcy court will be affirmed.

From the briefs submitted by the parties and the record on appeal, I find the following facts solely for the purpose of deciding debtor's appeal.

## FACTS

Debtor filed a petition under Chapter 13 of the bankruptcy code on November 2, 2001. The bankruptcy trustee and creditor Village of DeForest objected to debtor's proposed Chapter 13 plan. The bankruptcy court scheduled a confirmation hearing for Monday, February 4, 2002, at 2:30 p.m.; it sent notice of the hearing to debtor on January 2, 2002.

At 9:30 a.m. on the day of the hearing, debtor sent an e-mail to the bankruptcy court stating that she would not be attending the hearing. Debtor stated that she was in the Tampa, Florida area and was unable to travel because of a sprained knee. She stated that she had tried to call the court several times on the preceding Friday but was unable to get through on the telephone. The bankruptcy court held the hearing as scheduled. The Chapter 13 trustee and the Village of DeForest appeared at the hearing. At the conclusion of the hearing, the bankruptcy court entered an order dismissing the case and barring debtor from filing a bankruptcy case or gaining the benefit of an automatic stay without prior order of the court for a period of one year.

On February 14, 2002, the bankruptcy court entered findings of fact and conclusions of law. On that same day, debtor filed a timely notice of appeal from the court's February 4, 2002, order dismissing her case. See Fed. R. Bank. P. 8002(a) (notice of appeal shall be filed within 10 days of date of entry of judgment). Debtor stated that the sole issue on appeal was whether the court had dismissed her case improperly by denying her the opportunity to be heard. On February 19, 2002, debtor filed objections in the bankruptcy court to the court's findings of fact and conclusions of law.

## OPINION

■ As an initial matter, debtor suggests that this court lacks jurisdiction over her appeal because the bankruptcy court has not held a hearing or rendered a decision on her objections to the findings of fact and conclusions of law. She is mistaken. It is well established that the filing of a notice of appeal confers jurisdiction on the appellate court and divests the trial court of control over those aspects of the case involved in the appeal. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam); Grube v. Lau Indus. Inc., 257 F.3d 723, 731 (7th Cir.2001). The divestiture rule applies to appeals of bank-

ruptcy proceedings. *See In re Hagel,* 184 B.R. 793, 798 (9th Cir. BAP 1995); *In re Duratech Industries, Inc.,* 241 B.R. 283, 289 (E.D.N.Y.1999). Once debtor filed her notice of appeal, the bankruptcy court lost jurisdiction to modify its findings of fact and conclusions of law. The fact that the bankruptcy court did not enter its findings of facts and conclusions of law until 10 days after it entered its order dismissing debtor's case does not affect the timing of debtor's appeal or this court's jurisdiction. *See In re Dahnken's of Santa Barbara, Inc.,* 11 B.R. 536, 537 (9th Cir.BAP1981) ("Entry of findings and conclusions by the bankruptcy court is not a jurisdictional requisite for appeal, rather the entry of findings and conclusions is intended to facilitate appellate review").

 Furthermore, because debtor did not file her objections to the proposed findings of fact and conclusions of law until after the notice of appeal was filed, this court may not consider the merits of those objections. It is settled law in this circuit that the failure of a party to adequately present an argument to the bankruptcy court constitutes a waiver of the argument. *See In re Bero,* 110 F.3d 462, 466 (7th Cir.1997); *In re Weber,* 25 F.3d 413, 416 (7th Cir.1994); *In re Kroner,* 953 F.2d 317, 319 (7th Cir.1992). In addition, the only issue identified by debtor in her statement of issues on appeal was whether the bankruptcy court had dismissed her case improperly because she had no opportunity to be heard. Although debtor suggests that she could not have appealed from the bankruptcy court's findings of fact and conclusions of law because they were not entered until after she filed her notice of appeal on February 14, 2002, debtor's objections indicate that proposed findings and conclusions were submitted by the Village of DeForest's attorney on February 8, 2002. *See* Objection to Findings of Fact and Conclusions of Law, attached to Debtor's Reply Brief, dkt. # 10. Thus, debtor could have filed her objections before she filed her appeal on February 14, 2002; alternatively, she could have filed an extension of time to file a notice of appeal so as to preserve her opportunity to challenge the court's findings of fact and conclusions of law. The bottom line is that the only issue properly before this court on appeal is debtor's claim that the bankruptcy court should not have dismissed her case without affording her the opportunity to appear at the confirmation hearing.

 Debtor's due process claim merits only brief discussion. The bankruptcy court did not err in going forward with the confirmation hearing without debtor present because a debtor's attendance at a confirmation hearing is not required. *Matter of Dues,* 98 B.R. 434, 441 (Bankr. N.D.Ind.1989); *In re Perskin,* 9 B.R. 626, 628–30 (Bankr.N.D.Tex.1981). As the court explained in *Perskin,* the confirmation hearing is designed to safeguard the interests of the creditors, not the debtor. *Id.,* 9 B.R. at 629. The hearing affords an opportunity for the creditors to present objections to the debtor's proposed plan. Although it is in the debtor's best interest to attend the hearing and "test the veracity of the creditor's objections," her appearance is not required. *Id.* at 630. This conclusion is reinforced by the fact that the bankruptcy court has an independent duty to determine whether a Chapter 13 plan fulfills the requirements for confirmation under § 1325(a), whether or not any party in interest objects. *Id.* at 629; *see also In re Rimgale,* 669 F.2d 426, 431 (7th Cir.1982); *McCullough v. Brown,* 162 B.R. 506, 508 n. 3 (N.D.Ill.1993). Debtor does not deny that she had notice of the hearing and admits that she did not attempt to contact the court until the Friday afternoon before her hearing was scheduled.

In light of debtor's failure to actually contact the court until five hours before the confirmation hearing, along with the fact that a debtor need not attend the confirmation hearing, the bankruptcy court did not err in proceeding with the hearing in debtor's absence.

Finally, although debtor contends and the bankruptcy court's February 4, 2002, memorandum decision suggests that the court rejected her Chapter 13 plan and dismissed her case by default because of her failure to appear, the court's findings of fact and conclusions of law indicate otherwise. The findings of fact and conclusions of law indicate that the bankruptcy court applied the criteria of 11 U.S.C. § 1325 and dismissed the plan after finding that 1) it had not been proposed in good faith as required by § 1325(a)(1); 2) it contained provisions that did not comply with other applicable provisions of Title 11, as required by § 1325(a)(1); 3) it did not provide that the Village of DeForest would retain its lien securing its claim; 4) as of the effective date of the plan, the value of property to be distributed under the plan on account of the claim of the Village of DeForest was less than the allowed amount of the claim, contrary to 11 U.S.C. § 1325(a)(5); and 5) debtor's failure to make payments required under the plan or to pay real property taxes that became due since she filed the case indicated that she would not be able to make all payments under the plan or to comply with the plan, contrary to § 1325(a)(6). As noted previously, debtor's failure to challenge these findings in the bankruptcy court means that they are not subject to review by this court. Accordingly, the decision of the bankruptcy court denying confirmation of debtor's proposed Chapter 13 plan and dismissing her Chapter 13 petition must be affirmed.

ORDER

IT IS ORDERED that the decision of the United States Bankruptcy Court for the Western District of Wisconsin denying confirmation of the proposed Chapter 13 plan of debtor Susan Bauer and dismissing her Chapter 13 petition is AFFIRMED.