**In re Sylvia Elizabeth Brock WILLIAMS, Debtor.**

**Sylvia Elizabeth Brock WILLIAMS, Plaintiff,**

**v.**

**UNITED STATES of America DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendants.**

Bankruptcy No. 91–12718.

Adv. Proc. No. 92–1084.

United States Bankruptcy Court, S.D. Alabama.

Oct. 29, 1992.

J. Daniel Barlar, Jr., Mobile, AL, for debtor, Sylvia Elizabeth Brock Williams.

William R. Sawyer, Mobile, AL, for defendant, U.S. Dept. of Treasury, I.R.S. (the United States).

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Mobile, in said District this 7th day of August, 1992, before Arthur B. Briskman, Bankruptcy Judge.

This matter came before the Court on the declaratory judgment complaint of the

---

debtor to determine the dischargeability of indebtedness and recover a preferential transfer. Appearing for the debtor, Sylvia Elizabeth Brock Williams, was her attorney, J. Daniel Barlar, Jr.; and William R. Sawyer, attorney for the defendant, the United States of America Department of Treasury, Internal Revenue Service (the United States). After reviewing the pleadings and hearing arguments of counsel the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

This matter presents no factual disputes. On December 31, 1991, the debtor, Sylvia Elizabeth Brock Williams (Williams) filed a Chapter 7 bankruptcy petition. Her scheduled debts included outstanding federal income tax liabilities for the years 1987 and 1988, respectively. The United States stipulated that the 1987 income tax liability is dischargeable. Williams' 1988 federal income taxes were due within three years before the filing of her bankruptcy petition.

Within ninety days prior to the filing of Williams' bankruptcy petition, the United States issued a Notice of Levy, pursuant to 26 U.S.C. § 6331, on Williams' employer to collect the past-due taxes, which are unsecured. $1,899.12 was withheld from Williams' wages during the ninety days preceding the filing of her bankruptcy petition. Williams was insolvent at the time of the levy. Williams claimed $1,400.00 of the levied wages exempt.

The United States' received a transfer of Williams' interest in property to satisfy an antecedent debt while Williams' was insolvent, within ninety days prior to the filing of Williams' bankruptcy petition. The United States benefitted from the transfer and received more than it would have received had the transfer not been made.

1. In pertinent part 11 U.S.C. section 522(h) provides:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

### CONCLUSIONS OF LAW

■ In accordance with 11 U.S.C. § 523(a), certain tax obligations survive a debtor's bankruptcy. In pertinent part, section 523(a) provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title whether or not a claim for such tax was filed or allowed;

. . . . .

11 U.S.C. § 523(a)(1)(A). In turn, section 507(a)(7)(A) establishes a priority for:

... allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income on gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after *three years before the date of the filing of the petition.*

(emphasis added). The United States concedes that Williams' 1987 federal income tax obligation is dischargeable. Williams' 1988 federal income tax obligation was due within three years of the filing of her bankruptcy petition and is nondischargeable. 11 U.S.C. § 523(A)(1)(A) and 11 U.S.C. § 507(a)(7)(A)(i).

### II

■ Williams' levied wages are avoidable as a preferential transfer. 11 U.S.C. § 547(b). A debtor has standing to avoid preferential transfers of its property claimed exempt. 11 U.S.C. § 522(h).[1]

Section 547(b) authorizes the avoidance of the transfer of the debtor's interest in

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549 or 724(a) of this title or recoverable by the trustee under section 553 of this title: and

(2) the trustee does not attempt to avoid such transfer.

property if: the transfer was to or for the benefit of a creditor; on account of an antecedent debt owed by the debtor; while the debtor was insolvent; on or within ninety days of the filing of the bankruptcy petition; and enables the creditor to receive more than such creditor would have received if the transfer had not taken place.

The United States benefitted from the levy when it received $1,899.12. The levy was used to collect Williams' outstanding 1987 and 1988 federal income tax obligations. The levy occurred within the ninety days before the filing of Williams' bankruptcy petition while Williams was insolvent. The United States received more than it would if the transfer had not been made. Accordingly, the levy is proscribed by 11 U.S.C. § 547(b) and is due to be set aside. However, because Williams claimed $1,400.00 of the funds as exempt, 11 U.S.C. § 522(h) limits Williams recovery to $1,400.00.

### JUDGMENT

In conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED** and **DECREED** that the relief sought in the declaratory judgment complaint of the Debtor, Sylvia Elizabeth Brock Williams, is **DENIED** in part and **GRANTED** in part; and it is further

**ORDERED, ADJUDGED** and **DECREED** that the 1987 federal income tax obligation of Sylvia Elizabeth Brock Williams to the United States Department of the Treasury, Internal Revenue Service is **DISCHARGEABLE** pursuant to 11 U.S.C. § 523(a)(1)(A); and it is further

**ORDERED, ADJUDGED** and **DECREED** that the 1988 federal income tax obligation of Sylvia Elizabeth Brock Williams to the United States of America Department of Treasury, Internal Revenue is **NONDISCHARGEABLE** pursuant to 11 U.S.C. § 523(a)(1)(A) and shall survive her discharge if and when a discharge is granted; and it is further

**ORDERED, ADJUDGED** and **DECREED** that the prepetition levy by the United States of America Department of Treasury, Internal Revenue Service of Sylvia Elizabeth Brock Williams' wages is **a preference** proscribed by 11 U.S.C. § 547(b) and, to the extent of $1,400.00, is due to be **AVOIDED**; and it is further

**ORDERED, ADJUDGED** and **DECREED** that Sylvia Elizabeth Brock Williams is awarded judgment against the United States of America Department of Treasury, Internal Revenue Service for $1,400.00.