**UNITED STATES of America,
Appellant–Defendant,**

v.

**Sylvia Elizabeth Brock WILLIAMS,
Appellee–Plaintiff.**

**Bankruptcy No. 93–0003–RV–S.**

United States District Court,
S.D. Alabama,
Southern Division.

March 16, 1993.

William R. Sawyer, Asst. U.S. Atty., Mobile, AL, for appellant-defendant.

J. Daniel Barlar, Conrad, Hammond & Barlar, Mobile, AL, for appellee-plaintiff.

**ORDER**

VOLLMER, District Judge.

By this action, the United States of America appeals from a final judgment and memorandum order entered by the United States Bankruptcy Court for the Southern District of Alabama on October 30, 1992. 153 B.R. 74. Under the terms of the Bankruptcy Court's order, the debtor, appellee Sylvia Elizabeth Brock Williams (the "debtor" or "Williams"), was permitted to avoid as a preference a federal Internal Revenue Service ("IRS") levy on her wages.

On appeal, the government concedes the correctness of the legal determinations addressed and expressly determined by the

Bankruptcy Court. The government, however, challenges the ultimate result achieved by the Bankruptcy Court by raising issues that were not presented to or explicitly considered by that court. The sole issue for this court to determine thus is *not* whether the legal issues considered and resolved by the Bankruptcy Court were correct; rather, the court must decide whether the government can raise issues on appeal that were never presented to or considered by the Bankruptcy Court.

Pending before the court are the government's initial and reply briefs (*see* tabs 5 and 8) and the debtor's responsive brief (tab 6). The court also has before it relevant portions of the record developed before the Bankruptcy Court. Having duly considered the parties' submissions, as well as the record below, the court concludes, for the reasons that follow, that the Bankruptcy Court's determination is due to be, and hereby is, **AFFIRMED in its entirety.**

### Background

The facts giving rise to the instant appeal are undisputed. In 1987 and 1988, Williams incurred certain income tax liabilities to the IRS. Less than ninety (90) days prior to December 31, 1991, the IRS issued a Notice of Levy and served it on Williams' employer.[1] Pursuant to the Notice, Williams' employer withheld $1,899.12 of Williams' wages and paid them to the IRS, ostensibly to satisfy Williams' tax liabili-

ties.[2] Williams filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Southern District of Alabama on December 31, 1991.[3]

Contemporaneous with the filing of her bankruptcy petition, Williams filed a claim of exemption, contending, *inter alia*, that $1,400 of the over $1,800 in wages levied by the IRS were exempt under *Alabama Code* § 6–10–6 *et seq.* No objections to the debtor's claimed exemptions were filed.[4]

On April 3, 1992, Williams filed an adversarial complaint in bankruptcy against the IRS, claiming that her income tax liabilities for 1987 and 1988 were dischargeable under 11 U.S.C. § 523(a)(1) and that the involuntary transfer of funds to the IRS, made pursuant to the Notice of Levy, was a voidable preference under 11 U.S.C. §§ 522(h) and 547(b). By its answer to Williams' complaint, the government denied that any of Williams' taxes were dischargeable. With respect to Williams' attempt to avoid the levy on her wages, the government generally denied Williams' contention that the levy constituted a preferential transfer of funds and, more specifically, charged that Williams lacked standing to bring a preference or similar avoidance action.[5]

The Bankruptcy Court conducted a hearing on Williams' complaint on August 7, 1992. Prior thereto, the parties reached an agreement concerning the first claim ad-

---

**1.** On November 20, 1990, a Notice of Federal Tax Lien, relating to the 1987 and 1988 tax years, was filed by the IRS with the Mobile County Judge of Probate. The Notice of Levy was issued the following year pursuant to 26 U.S.C. § 6331. Section 6331 provides an administrative mechanism by which a debtor's wages may be levied upon without resort to judicial garnishment proceedings. At all times material to this action, Williams' tax liabilities were unsecured.

**2.** Williams has never contended that the Notice of Levy was in any way improper or unlawful under non-bankruptcy laws.

**3.** The parties agree that Williams was insolvent at the time of the Levy. Additionally, they agree that the transfer of wages (1) was made within ninety (90) days of the filing of the bankruptcy petition, (2) was made to or for the benefit of a creditor (the IRS), (3) was made on account of an antecedent (prepetition) debt

owed by the debtor, and (4) enabled the IRS to received more than it would have received on its tax claim in a Chapter 7 liquidation by the debtor. *See* 11 U.S.C. § 547(b).

**4.** The government does not contend either that it was not required to object to Williams' claimed exemptions or that the time for filing objections had not expired prior to the Bankruptcy Court's consideration and resolution of Williams adversarial complaint against the IRS. Indeed, from the record before the court, it appears that the time for filing objections expired long before Williams' adversarial complaint was filed. *See* Bankr.R. 4003(b).

**5.** With respect count two of the complaint, the government merely requested that Williams' claim be dismissed "for [Williams'] lack of standing to sue."

vanced by Williams. Specifically, the government conceded the dischargeability of Williams' 1987 tax liability, and Williams conceded the non-dischargeability of her 1988 tax liability. Consequently, the hearing essentially focused solely on Williams' second claim, concerning Williams' ability to avoid as a preference a portion (*viz.*, $1,400.00 or approximately 75%) of the IRS's levy on her wages.

The hearing on the preference claim was brief.[6] Two issues were discussed: the first concerned Williams' standing to avoid the levy as a preference,[7] and the second, presuming a *lack of standing*, concerned Williams' authority to direct that the levied wages be applied against her 1988 tax liability, rather than, as had been done by the IRS, against her 1987 tax obligation.[8]

Following oral argument, the Bankruptcy Court directed the parties to submit proposed orders addressing the issues presented.[9] The orders submitted by each party primarily addressed Williams' alleged lack of standing to avoid the levy as a preference. Additionally, the government, presuming a lack of standing, addressed Williams' authority to direct the application of the levied wages to her tax liabilities.[10] Neither Williams' nor the government's proposal questioned whether an exemption could be claimed in wages or whether a claimed exemption would be effective against a valid IRS tax lien.[11]

On October 30, 1992, the Bankruptcy Court issued a memorandum order in which it determined that the levy on Williams' wages was avoidable as a preferential

---

**6.** The entire transcript of the hearing consists of only five typed pages.

**7.** With respect to that issue, the following was said:

MR. SAWYER [the government's attorney]:
   The facts aren't in dispute. But, the point is this is a Chapter—if I remember right, a Chapter 7. The debtor does not have—It's our position that the debtor does not have standing to bring the preference action. If the trustee wants to bring a preference action, that may will be another matter.
MR. BARLAR [Williams' attorney]:
   Judge, these are exempted funds, as I recall.
THE COURT:
   I think you're arguing against yourself on preferencing.
MR. SAWYER:
   Yeah, that's right. If the trustee were to prevail—
THE COURT:
   No, not really. Because to be exempt, it has to be property of the estate. And then the trustee would have standing to put it back in. And then—
MR. SAWYER:
   We would get the funds anyway, **because the exemption would not apply to the Internal Revenue Service.** So, I don't think we'd get—
THE COURT:
   Well, don't spend a lot of time for $1,400.
MR. BARLAR:
   No, sir.

**8.** Actually, the two issues were discussed in inverse order, with the government raising the debtor's discretion to direct the application of payments to reduce indebtedness first. The discussion later turned to the issue of Williams' standing to avoid the Levy as a preference.

**9.** Proposed orders were directed to be filed in lieu of legal briefs.

**10.** The government's proposed legal determinations were as follows:

   1. The Debtor's 1988 income tax liability is excepted from discharge as the return for that year was due less than three years before the date of the petition in bankruptcy. 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(7)(A)(i).
   2. The Debtor does not have standing to bring an action to set aside a prepetition transfer as a voidable preference as such actions must be brought by the trustee. 11 U.S.C. § 547(b).
   3. The Debtor seeks to designate the application of the levy proceeds to payment of the 1988 tax liability because it is not dischargeable. However, as the payments were not voluntary, the Debtor does not have the power to make the designation as to how the funds are to be applied but rather it is within the discretion of the Internal Revenue Service.... 
   4. An Internal Revenue Service levy is not a voluntary payment by a taxpayer but rather is administratively enforced collection. 26 U.S.C. § 6331. Accordingly, as the payment was not voluntary, the Debtor does not have the right to designate how it is applied.

**11.** Interestingly, following the August 7 1992, hearing, the government was the first party to submit a proposed order to the Bankruptcy Court. Williams' proposal was submitted a few days later and was accompanied by a letter to Judge Briskman from Williams' attorney, Daniel Barlar. In the letter, which was designated by the government as part of the record on appeal, Attorney Barlar noted the significance to Williams' preference claim of Williams' *unchallenged* claimed exemption of $1,400.00 in wages.

transfer under 11 U.S.C. § 547(b) (*i.e.*, that the statutory requisites for avoidance had been met). The court also found that a debtor has standing, under 11 U.S.C. § 522(h), to avoid a preferential transfer of property to the extent that the transferred property is claimed to be exempt. The court explained:

> The United States benefitted from the levy when it received $1,899.12. The levy was used to collect Williams' outstanding 1987 and 1988 federal income tax obligations. The levy occurred within the ninety days before the filing of Williams' bankruptcy petition while Williams was insolvent. The United States received more than it would if the transfer had not been made. Accordingly, the levy is due to be set aside. However, because Williams claimed $1,400.00 of the funds as exempt, 11 U.S.C. § 522(h) limits Williams' recovery to $1,400.00.

By a judgment entered on that same date, Williams was awarded $1,400.00 against the IRS. The court's order and judgment were based on the assumptions, never explicitly challenged by the IRS before the Bankruptcy Court, that Williams could claim an exemption in wages and, further, that the claimed exemption would be effective against the IRS' valid prepetition tax lien.

### *Discussion* [12]

#### A. *Standard of Review*

■ There is no dispute as to the applicable standard of review. The legal conclusions contained in the Bankruptcy Court's October 30, 1992, memorandum order are subject to *de novo* review by this court. *See In re T & B General Contracting, Inc.*, 833 F.2d 1455, 1458–59 (11th Cir. 1987); Bankr.R. 8013.

12. The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). After examining the entire record on appeal and the briefs submitted by the parties, the court concludes that oral argument is not necessary to the resolution of any of the issues presented. *See* Bankr.R. 8012.

#### B. *Issues Presented*

As noted, the issue on appeal does not concern the propriety of the Bankruptcy Court's legal determinations; [13] rather, it concerns the issues that may properly be raised by the government on appeal. Specifically, this court must determine whether the government may raise on appeal legal arguments that were not presented to or considered by the Bankruptcy Court.

When the government timely filed its notice of appeal on November 9, 1992, it identified two issues for this court's consideration:

1. Whether the bankruptcy court erred in holding that a Chapter 7 debtor has standing to avoid a preferential transfer under Section 522(h) of the Bankruptcy Code.

2. Whether the bankruptcy court erred in holding that a prepetition levy on debtor's wages is an avoidable transfer under Section 547(b) of the Bankruptcy Code.

The first issue was explicitly addressed during the August 7, 1992, hearing before the Bankruptcy Court and in that court's October 30, 1992, memorandum order. The second issue, though not specifically discussed at the hearing, was partially addressed in the court's order; that is, working from the *unchallenged premises* that Williams properly had claimed an exemption in the levied wages and could avoid a valid prepetition tax lien, the court determined whether the statutory requirements for avoidance had been satisfied by Williams.

Later, in its principal brief on appeal, the government identified the following issues for this court's consideration:

1. Whether a properly executed wage levy by the Internal Revenue Service

13. The government expressly concedes in its principal brief on appeal that Williams, as a debtor, has standing under 11 U.S.C. § 522(h) to avoid a preferential transfer of exempt property. Presuming a properly claimed exemption in the levied wages, the government also concedes that the § 547(b) requirements for avoiding a preferential transfer of property were satisfied in this case.

on prepetition wages is protected from a debtor's claim of exemption in a subsequent bankruptcy petition.

2. Whether a debtor may exempt a portion of her prepetition wages from the bankruptcy estate under Alabama Code section 6–10–6 when that statute has been amended to specifically exclude wages from the type of property which may be exempted under that section.

Essentially, those issues challenge Williams' claim of an exemption in prepetition wages levied by the government. As noted, the "exemption issues" were never explicitly raised before the Bankruptcy Court.

■■■ This court's function on appeal from a Bankruptcy Court's determination is to reverse, affirm, or modify only those issues that were presented to the trial judge. *See In re Air Conditioning, Inc. of Stuart,* 845 F.2d 293 (11th Cir.), *cert. den. (sub nom.) First Interstate Credit Alliance, Inc. v. American Bank,* 488 U.S. 993, 109 S.Ct. 557, 102 L.Ed.2d 584 (1988); *Dallas v. S.A.G. Inc.,* 836 F.2d 1307 (11th Cir.1988); *In re Vaughan,* 36 B.R. 935, 937 (N.D.Ala.), *aff'd (sub nom.) Vaughan v. Central Bank,* 741 F.2d 1383 (11th Cir. 1984); *In re Gardner,* 455 F.Supp. 327, 329 (N.D.Ala.1978); *see also In re Kroner,* 953 F.2d 317, 391 (7th Cir.1992); *In re Frontier Airlines, Inc.,* 137 B.R. 808, 811 (D.Colo. 1992); *cf. In re Brickell Inv. Corp.,* 922 F.2d 696 (11th Cir.1991) (appellate court was obliged to consider *sua sponte* a jurisdictional issue not presented to or considered by the Bankruptcy Court). Issues presented in a mere cursory manner to the Bankruptcy Court are not preserved for appeal. *See In re Espino,* 806 F.2d 1001 (11th Cir.1986). Moreover, issues that are not actively litigated before the Bankruptcy Court also are not preserved for appeal. *See In re Scaife,* 825 F.2d 357 (11th Cir. 1987).

The court's resolution of this appeal depends on a determination of whether the government preserved the issues that it now advances for appellate review. The government contends that it did so in two ways. First, the government notes that in its answer to Williams' adversarial complaint, it generally denied Williams' contention that the levy constituted a preferential transfer of funds. Second, the government emphasizes that its attorney stated on the record during the August 7, 1992, hearing: "We would get the funds anyway, **because the exemption would not apply to the Internal Revenue Service.**" [Emphasis added.]

Williams generally challenges the government's right to raise the exemption issues on appeal. She does not, however, specifically attack the adequacy of the government's effort to preserve those issues for appellate review.

In the court's opinion, the government did not preserve the exemption issues for appellate review. To understand why that is so, it is necessary to examine briefly the Bankruptcy Code's statutory exemption scheme.

As noted, this case arises under Chapter 7 of the Bankruptcy Code and involves a "liquidation" or "straight bankruptcy." When one files a petition in bankruptcy, almost all efforts by creditors to collect amounts owed to them are stayed pending the administration of the case. *See* 11 U.S.C. § 362. The filing of the petition also creates an "estate," generally consisting of all property owned by the debtor. *See* 11 U.S.C. § 541. In a Chapter 7 case a Trustee is appointed, whose primary function is to collect the property of the estate and convert it into cash. *See* 11 U.S.C. § 704. Once the liquidation of the estate is completed, the Bankruptcy Court distributes the cash in the order of priorities established by the Code. *See* 11 U.S.C. § 726.

To mitigate the harshness of the forced liquidation of an individual's property, the Code permits an individual debtor to keep some property for herself through an exemption process. *See* 11 U.S.C. § 522. The debtor files a written claim of exemption along with her petition in bankruptcy and thereby makes her claim of exemption. 11 U.S.C. § 522(*l*); Bankr.R. 4003. Creditors are required to file written objections

to claimed exemptions, which the Bankruptcy Court later must review. Bankr.R. 4003(b). Properly exempted property is not available for liquidation and distribution to creditors.

Section 522 contains two options as to which property is exempt. Subsection (d) provides a list of property which is exempt from the estate. Section 522(b)(1), however, provides that the states may opt out of the Bankruptcy Code exemptions and set the list of exemptions under state law. The State of Alabama has opted out of the section 522(d) exemptions and, instead, provides that state law exemptions apply. *Ala. Code* § 6–10–11.

Section 522 of the Code provides a limited number of circumstances in which a debtor can set aside certain transfers of property to creditors in order to preserve bankruptcy exemptions. Section 547, moreover, establishes the circumstances under which a set aside or "avoidance" of a transfer will be permitted. Interestingly, section 522 generally does not permit an exemption of property that is subject to a properly noticed, prepetition tax lien. *See* 11 U.S.C. § 522(c)(2)(B).

In this case, Williams followed the Code's statutory scheme by claiming an exemption in the wages levied by the IRS. The written claim was filed in accordance with 11 U.S.C. § 522(*l*), and the claim was made pursuant to Alabama law. *See Ala. Code* § 6–10–6 *et seq.* The government did not file a written objection to Williams' claim, as apparently was required by Bankr.R. 4003(b).

When Williams later filed her adversarial complaint, she, in essence, sought to avoid the IRS wage levy to the extent of her claimed exemption. The government now contends, for the first time on appeal, that property to which a valid prepetition tax lien attaches in general, and to which its Notice of Levy attached in particular, is not exemptible under 11 U.S.C. § 522(c)(2)(B). Before the Bankruptcy Court, however, the government merely argued that Williams did not have standing to avoid the lien or the authority to determine how her wages might be applied to reduce her income tax indebtedness.

What the government does not argue on appeal, and what is not clear from the Code, is whether the IRS had to file a written objection to Williams' claimed exemption in order to challenge Williams' claim during the subsequent adversarial proceeding. As noted, a creditor normally must object to a claimed exemption to preclude the claimed property from becoming exempt. *See* 11 U.S.C. § 522(*l*). That is so even in those instances in which the claimed exemption is invalid or impermissible. *See Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 632, 116 L.Ed.2d 602 (1991). The failure of a lien creditor to object to a claimed exemption may preclude the creditor from later raising the issue of whether liened property was exempt for lien avoidance purposes. *See In re Caruthers*, 87 B.R. 723 (Bankr.N.D.Ga.1988) (where debtors have properly claimed exemptions, in absence of timely objection thereto, property shall be treated as exempt for purposes of motion to avoid lien); *In re Van Pelt*, 83 B.R. 617 (Bankr. S.D.Iowa 1987) (creditor who did not timely object to claim of objection may not subsequently object to exemptions when resisting motion to avoid liens); *but see In re Morgan*, 149 B.R. 147 (9th Cir.BAP 1993); *In re Smith*, 119 B.R. 757 (Bankr.E.D.Cal. 1990).

Even assuming for purposes of this appeal that the government did not have to file a written objection to Williams' claimed exemptions in order to challenge Williams' claim during the later avoidance proceeding and, further, assuming, as the government apparently does, that the IRS was obliged to challenge the debtor's attempt through the adversarial proceeding to avoid the IRS tax lien, it is clear that the government failed to protect its interests before the Bankruptcy Court. The government never explicitly argued that property subject to a valid prepetition tax lien could not be exempted. Such an argument, however, clearly could and should have been asserted as an alternative to the government's contention that the debtor merely lacked

standing to avoid a preferential transfer of property.

The court gives essentially no weight to the government's statement of the two ways in which it supposedly preserved the "exemption issues" for appeal. The fact is that the government did not actively litigate those issues before the Bankruptcy Court. It neither explicitly discussed those issues at the August 7, 1992, hearing, nor expressly addressed them in its proposed order to the Bankruptcy Court. Given the apparent merit of the at least one of those issues, however, it would be imminently reasonable to expect the government to have raised the issues before that court. The government cannot now present to this court the arguments that it should have presented to the court below.

Having determined that the government cannot pursue the exemption issues on appeal, this court is left with the issues that the government originally raised in its notice of appeal and with the government's concession that those issues were properly determined by the Bankruptcy Court. The court has reviewed the Bankruptcy Court's decision, as well as all materials that were adduced in support of and in opposition to it. Having done so, the court agrees that the Bankruptcy Court correctly decided the very narrow legal issues that were presented to it.

### Conclusion

In light of the foregoing, the court concludes that the Bankruptcy Court's October 30, 1992, memorandum order and judgment are due to be, and hereby are **AFFIRMED**. Accordingly, this appeal is due to be, and hereby is, **DISMISSED**.