**In re Joseph C. FORREST, Debtor.**

**Joseph C. FORREST, Plaintiff,**

**v.**

**UNITED STATES of America ex rel. INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 95–17244–LN.**
**Adversary No. 96–1066–LN.**

United States Bankruptcy Court,
W.D. Oklahoma.

Nov. 4, 1997.

---

Douglas G. Eason, Oklahoma City, OK, for Debtor.

Ann Huckaby, Oklahoma City, OK, trustee.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

PAUL B. LINDSEY, Bankruptcy Judge.

### THE UNDISPUTED FACTS

On November 9, 1995, a few weeks prior to the commencement of the underlying bankruptcy case, the Internal Revenue Service ("IRS"), the defendant herein, issued notices of levy on wages, salary and other income of Debtor, the plaintiff herein, attributable to outstanding tax liabilities for the taxable years 1979, 1986, 1987, 1988, 1989, 1990 and 1991. The notices of levy were served on National Beef Packing Co., L.P. ("NBP"), an entity owing compensation to Debtor in the amount of $21,750 for personal services performed as an independent contractor for the period beginning August 26, 1995 through December 2, 1995.

On November 30, 1995, Debtor commenced the underlying bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[1]

On February 6, 1996, Debtor commenced the instant adversary proceeding requesting that this court determine the dischargeability of his tax obligations for the taxable years covered by the notices of levy, and further requesting that the transfer to IRS pursuant to the notices of levy of Debtor's interest in his compensation be set aside, pursuant to § 547(b), to the extent of 75% of those earnings earned by Debtor within the 90 days prior to the commencement of his bankruptcy case.

On May 1, 1996, IRS filed its motion requesting summary judgment with supporting brief. Thereafter, on September 8, 1997, Debtor filed his response to the motion of IRS, combined with his cross-motion for summary judgment and supporting brief.

On September 23, 1997, IRS filed its response to Debtor's cross-motion for summary judgment. Finally, on October 3, 1997, Debtor filed a reply to the response of USA.

In its answer to Debtor's complaint, IRS conceded that Debtor's tax liabilities for the years 1979, 1986, 1988, 1989, 1990 and 1991, and the penalties attributable to Debtor's 1987 tax liability are all dischargeable, and that therefore only his tax liability for 1987 and the interest thereon remained at issue. In his response to IRS' motion for summary judgment, Debtor concedes that his tax liability for 1987 was not discharged by the order of discharge entered on March 7, 1996 while his case was pending under Chapter 7. Thus, the only remaining issue before this court is whether the liens of IRS on Debtor's earnings attributable to the 90–day period prior to the commencement of his bankruptcy case may be set aside pursuant to § 547(b).

### THE CONTENTIONS

In his motion for summary judgment, Debtor alleges that the transfer to IRS of his interest in the compensation owed to him by NBP represents a preferential transfer avoidable by a trustee pursuant to § 547(b). He further alleges that, pursuant to § 522(b) and Okla.Stat.tit. 31, § 1.A.18, 75% of the total compensation owed to him by NBP which is subject to the notices of levy is exempt property. He contends that, pursuant to § 522(h), he may avoid the transfers to IRS of his interest in the compensation to the extent that it represents exempt property, and that therefore IRS is only entitled to receive 25% of the subject compensation by virtue of its notices of levy, a total of $5,427.50.

In its response to Debtor's motion for summary judgment, IRS alleges that no transfer of funds has resulted from its notice of levy on NBP. Citing as authority this court's prior decision in *Bearden v. United States of*

---

1. This case has a tortured procedural history. As is noted above, this case was originally commenced under Chapter 7. During its pendency in Chapter 7, an order of discharge was entered on March 7, 1996, pursuant to § 727. Thereaf-

ter, on June 13, 1996, the case was converted to one under Chapter 13. On August 19, 1997, this court confirmed Debtor's Chapter 13 plan which provides for the payment in full of the secured and priority claims of the IRS.

*America (In re Bearden)*, 216 B.R. 951 (Bkrtcy.W.D.Okla.), order dated June 30, 1997, IRS argues that even if a transfer is deemed to have occurred by virtue of its notices of levy, such transfer was not preferential because the property is not exempt. In this court's view, this argument exhibits a complete misconception by IRS of the holding of *Bearden.*

## CONCLUSIONS OF LAW

Summary judgment under Rule 56, Fed. R.Civ.P., made applicable to this proceeding under Rule 7056, Fed.R.Bankr.P., is appropriate if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this matter, there are no genuine issues of material fact, and thus disposition by summary judgment is appropriate.

■ Section 547(b) authorizes a trustee to avoid any transfer of an interest of a debtor in property to or for the benefit of a creditor for or on account of an antecedent debt owed by the debtor in circumstances where the transfer occurs while the debtor is insolvent, and is made on or within 90 days before the date of the filing of the bankruptcy petition. *See* § 547(b). As is noted above, the notices of levy herein attributable to Debtor's outstanding tax liabilities were served on NBP within 90 days preceding the filing of his bankruptcy petition, and at a time when Debtor was presumed insolvent.[2] In these circumstances, the notices of levy constitute a transfer of Debtor's interest in his compensation which at least potentially are avoidable by a trustee pursuant to § 547(b).

■ Section 522(h) authorizes a debtor to avoid a transfer of property which debtor could have exempted under § 522(g)(1) if the trustee had avoided such transfer, but only in circumstances where such transfer was avoidable by the trustee under § 544, 545, 547, 548, 549 or 724(a), or recoverable by the

trustee under § 553, and the trustee did not attempt to avoid the transfer. *See* § 522(h). Debtor argues that because the transfer of his interest in his earnings represents an avoidable preferential transfer which the appointed Chapter 7 trustee has not attempted to avoid, § 522(h) authorizes him to avoid the transfer to the extent that the earnings could have been claimed to be exempt under Okla. Stat.tit. 31, § 1.A.18. However, the authority conferred on a debtor pursuant to § 522(h) has certain limitations.

Section 522(c)(2)(B) provides that unless a case is dismissed, property exempted under § 522 is not liable during or after the case for any debt of the debtor that arose before the commencement of the case, except a debt secured by a lien that is a tax lien, notice of which is properly filed. Citing this court's prior decision in *Bearden, supra,* IRS argues that the authority granted to debtors pursuant to § 522(h) is preempted by the prohibition stated in § 522(c)(2)(B).

In *Bearden,* debtor sought to avoid, under § 522(h), a pre-petition federal tax lien filed within 90 days prior to the commencement of her bankruptcy case on her exempt homestead property. Similar to the case herein, she argued that the transfer of her interest in her real property pursuant to the pre-petition federal tax lien constituted a preferential transfer avoidable by a trustee under § 547(b), and that because the property subject to the lien was exempt property, § 522(h) authorized debtor to avoid the tax lien when the trustee did not do so.

This court, following the opinion of the Bankruptcy Appellate Panel of the Tenth Circuit in *Straight v. First Interstate Bank of Commerce, et al. (In re Straight),* 207 B.R. 217, 228 (10th Cir. BAP 1997), reaffirmed its prior decision in *Rouse v. United States of America (In re Rouse),* 141 B.R. 218 (Bankr. W.D.Okla.1992), and held that § 522(c)(2)(B) prohibits the avoidance of a properly filed pre-petition tax lien on property claimed exempt by a debtor, even if the lien would otherwise be avoidable under § 522(h).

---

**2.** Section 547(f) provides: For purposes of this section, the debtor is presumed to have been

insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

In his response, Debtor cites *Williams v. United States of America Department of the Treasury, Internal Revenue Service (In re Williams)*, 153 B.R. 74 (Bankr.S.D.Ala.1992) and *Tabita v. Internal Revenue Service, et al. (In re Tabita)*, 38 B.R. 511 (Bankr. E.D.Pa.1984) as authority in support of his contentions. As is argued by Debtor, those courts held that § 522(h) authorizes a debtor to avoid tax liens on exempt property in circumstances where the liens are subject to avoidance by a trustee pursuant to § 547(b). However, further review of the authority offered by Debtor reveals that the application or effect of § 522(c)(2)(B) to debtor's authority under § 522(h) was not addressed in either of the cited decisions. This court therefore holds that the authority offered by Debtor is neither applicable nor controlling with respect to the issue presented herein.

### DECISION

This court reaffirms its prior conclusion that § 522(c)(2)(B) prohibits the avoidance of a properly filed pre-petition tax lien on property claimed or which could be claimed exempt by a debtor, even if the lien would otherwise be avoidable under § 522(h).

Based upon the foregoing, Debtor's motion for summary judgment requesting that the notices of levy filed by IRS and served on NBP be set aside, will be denied, and the motion for summary judgment filed by IRS will be granted. Judgment will be entered accordingly.

IT IS SO ORDERED.